# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Joe Panuccio,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0929**    (BOR Appeal No. 2056770)
(Claim No. 2018016130)

**Boy Scouts of America,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Joe Panuccio appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Boy Scouts of America filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator granted a 0% permanent partial disability award on April 13, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 10, 2021, Order. The Order was affirmed by the Board of Review on October 21, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Panuccio, a logistics team leader, was injured when he was traveling for work, hit some black ice, and struck a tree. The claim was held compensable for fractures of the upper end of the right humerus, upper end of the left distal radius, the left ulna shaft, and the left wrist navicular bone. Mr. Panuccio underwent two independent medical evaluations to determine his permanent impairment resulting from the compensable injury.

On March 13, 2020, Robert Grob, D.O., performed an independent medical evaluation in which he found that Mr. Panuccio's left scaphoid fracture was a preexisting, chronic injury. The remainder of Mr. Panuccio's fractures were the result of the compensable injury. Dr. Grob found that Mr. Panuccio had reached maximum medical improvement and found no indication of impairment in the right shoulder when compared to the left. For the left wrist, Dr. Grob noted that Mr. Panuccio had preexisting carpal tunnel syndrome and a previous scaphoid injury. On exam, Mr. Panuccio had full range of motion and strength when compared to the left wrist. Dr. Grob therefore opined that Mr. Panuccio had no permanent impairment as a result of the compensable

---

[1]Petitioner, Joe W. Panuccio, is represented by Reginald D. Henry, and respondent, Boy Scouts of America, is represented by Tracey B. Eberling.

1

injury. On April 13, 2020, Mr. Panuccio was granted a 0% permanent partial disability award based on Dr. Grob's report.

On July 13, 2020, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed status post-surgery comminuted closed proximal right humerus fracture and status-post left distal radius fracture with fracture of the scaphoid and displaced ulnar styloid fracture. Dr. Guberman found that Mr. Panuccio had reached maximum medical improvement for the compensable injuries. He assessed 5% impairment for the right humerus and 7% impairment for the left wrist injury for a total of 12% whole person impairment.

Jennifer Lultschik, M.D., performed an independent medical evaluation on December 2, 2020, in which she found that Mr. Panuccio had reached maximum medical improvement for the compensable injury. She assessed 1% impairment for right shoulder range of motion loss, 2% impairment for the right wrist, 1% impairment for the left shoulder, and 2% for range of motion loss in the left wrist. The impairments combined and reduced to 2% whole person impairment. Dr. Lultschick apportioned the entire 2% for preexisting injuries because, on examination, she found that Mr. Panuccio had the same impairment in his uninjured left upper extremity. She noted that the right humerus fracture did not extend into the right shoulder joint and that Mr. Panuccio had suffered prior scaphoid fractures.

The Office of Judges affirmed the claims administrator's 0% permanent partial disability award on May 10, 2021. It found that Mr. Panuccio's treating surgeon assessed Mr. Panuccio's injuries as closed right humerus fracture and closed left distal fracture. On September 25, 2018, Dr. Day opined that Mr. Panuccio had reached maximum medical improvement and noted that Mr. Panuccio had full range of motion in both wrists and shoulders. The Office of Judges found that of the three evaluators of record, Dr. Guberman was the only one to find impairment, 12%, while Drs. Grob and Lultschik both assessed 0%. Dr. Grob found symmetrical strength and range of motion for the right shoulder and left wrist when compared to their uninjured counterparts. He also noted the presence of chronic wrist pathology. Dr. Lultschik also compared both shoulders and wrists and found Mr. Panuccio's strength and range of motion were essentially equal. The Office of Judges found that Dr. Guberman made no such comparison of the injured and uninjured upper extremities. It therefore concluded that the reports of Drs. Grob and Lultschik were more reliable than that of Dr. Guberman. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the order on October 21, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-6(i) permanent partial disability awards are determined exclusively by the degree of whole body medical impairment that an employee has suffered. In order to accurately assess impairment, evaluators often examine both the injured and corresponding uninjured body parts. In this case, Drs. Grob and Lultschik both examined the injured and uninjured upper extremities and found 0% impairment. Their reports are reliable and show Mr. Panuccio has 0% impairment as a result of the compensable injury.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn

3